IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DEBRA BOWLBY**                                                                              **PLAINTIFF**

**VS.**                         **CASE NO. 1:10CV90**

**CITY OF ABERDEEN, MISSISSIPPI
AND CITY OF ABERDEEN, MISSISSIPPI
PLANNING AND ZONING BOARD**        **DEFENDANTS**

### MEMORANDUM OPINION

This cause comes before the court on the joint motion **[7]** of Defendants City of Aberdeen, Mississippi and City of Aberdeen, Mississippi Planning and Zoning Board to dismiss the instant action.

Debra Bowlby appeared before the Aberdeen Planning and Zoning Board on July 13, 2009. Bowlby sought the Board's opinion on a proposed business, a Snow Cone Hut. One member voiced concerns regarding the zoning of the location intended for the business. The lot where Bowlby wished to set up the hut is a "Zone C-2," which is meant for larger businesses, and is the busiest intersection in Aberdeen. However, the other members did not share these opinions and told Bowlby to proceed with the business plan.

Bowlby subsequently opened her business around July 23, 2009. On September 15, 2009, the city building inspector informed Bowlby that she had to immediately close her business, as the Board had determined that her business did not conform to the laws and regulations of Aberdeen. The inspector also gave Bowlby a letter from the Board notifying her of its decision. This letter stated that "[a]t their September 14th meeting, the Aberdeen Planning

and Zoning Board of Aberdeen voted unanimously to revoke the business permits for the Snow Cone Hut at the corner of Hwy 45 and Meridian Street," and cited the concerns voiced at the July 23 meeting.

Bowlby filed the instant lawsuit alleging a taking of private property for public use without the payment of just compensation in violation of the Fifth and Fourteenth Amendments, a violation of the due process clause of the Fourteenth Amendment, and a denial of equal protection under the Fourteenth Amendment and 42 U.S.C. § 1981. Defendants contend that dismissal is proper pursuant to Federal Rule of Civil Procedure 12(b)(1)-(3) and (6).

Rule 12 (b)(1) of the Federal Rules of Civil Procedure authorizes the dismissal of a case for lack of jurisdiction over the subject matter. *See* Fed. R. Civ. P. 12(b)(1). A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered before any other challenge because "the court must find jurisdiction before determining the validity of a claim." *Poly-America, LP v. Stego Industries, LLC*, 2008 WL 4951418 at * 2 (N.D. Tex. Nov. 19, 2008) (quoting *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir.1994)).

Defendant argues that this court lacks jurisdiction on all claims since Plaintiff failed to exhaust her administrative state remedies as required by Aberdeen Zoning Ordinance Section 115.14 and Miss. Code Ann. § 11-51-75. The city ordinance provides the following:

> It is the express intent of this ordinance that all questions concerning enforcement be first presented to the Zoning Administrator and all questions concerning interpretation be first presented to the Planning and Zoning Board. All matters concerning appeal from the decision of the Planning and Zoning Commission shall be to the Mayor and Board of Aldermen, and then to the Courts as provided by law.

Mississippi statutorily dictates the appellate process of a decision by municipal authorities. A person aggrieved by a judgment from this type of body may appeal to the Circuit Court within

ten days of the date of adjournment of the session in which the decision was made by filing a Bill of Exceptions.

Defendants first argue that Plaintiff's procedural due process claim is without merit because adequate state post-deprivation remedies existed.

> In determining whether state action has violated an individual's right to procedural due process, a court must address two questions. First, it must decide whether the state action has deprived the individual of a protected interest - life, liberty, or property. Finding such a deprivation, the court must then determine whether the state procedures available for challenging the deprivation satisfy the requirements of due process.

*Augustine v. Doe*, 740 F.2d 322, 327 (5th Cir. 1984).

Plaintiff alleges that the state has deprived her of the property interest in operating a business without affording her a pre-deprivation hearing. The Aberdeen Planning and Zoning Board did revoke Plaintiff's permit to operate her business at a meeting without notifying Plaintiff that she could attend the meeting and defend the Board's concerns. "[I]t has become a truism that 'some form of hearing' is required before the owner is finally deprived of a protected property interest." *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 433, 102 S. Ct. 1148, 71 L. Ed.2d 265 (1982) (quoting *Board of Regents v. Roth*, 408 U.S. 564, 570-71, n.8, 92 S. Ct. 2701 (1972) (emphasis omitted)). This court notes that the appeal provision of the zoning ordinance does not reference a statute of limitations. Plaintiff's property interest has not been effectively destroyed, as the Mayor and Board of Alderman could theoretically disagree with the Zoning Commission's decision tomorrow. The deprivation here is simply not final. Deprivation by the state has not yet occurred.

Defendants rely on the *Parratt-Hudson* doctrine, which provides that "a state actor's random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate post-deprivation remedy." *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995). The doctrine is an exception to providing pre-deprivation remedies only if the state cannot predict the deprivation. Plaintiff contends that the conduct in this case was not random or unauthorized, rendering the doctrine inapplicable.

The doctrine is inapplicable, as a state action has not finally deprived Plaintiff of a property interest. However, even if a final deprivation had occurred, the doctrine would still not apply to this cause based on Plaintiff's reasoning. "Conduct is not random and unauthorized when the state has expressly delegated the power and authority to effect the very deprivation complained about." *Id*. The Zoning and Planning Board was established by the city and given reign over all aspects of planning and zoning. The City of Aberdeen Zoning Ordinance, § 115 *et seq*. The Board may interpret zoning as it applies to particular property in response to a request, which occurred in this case. *Id*. at §115.09. The Board may also reverse a decision or determination "as in their judgment ought to be made . . . ." *Id*. at § 115.13.

Further evidence that the conduct was not random is the Board's revocation letter provided to Plaintiff. This letter outlined five grounds that led to the Board's decision, and each was specific to the Snow Cone Hut. Thus, the doctrine will not apply to this potential deprivation, and Plaintiff is entitled to pre-deprivation process since the state has delegated the power to reverse its decisions regarding zoning questions to the Board and can predict its conduct. However, Plaintiff has not yet been denied such process. In effect, Plaintiff's pre-deprivation hearings are the appeal to the Mayor and Board of Alderman and if necessary, to the circuit court that serves as an appellate court for the decision.

Plaintiff's Fifth Amendment just compensation claim is not yet ripe, as she has not pursued state law judicial remedies and been denied just compensation. "Since the Fifth Amendment proscribes takings without just compensation, no constitutional violation occurs until compensation has been denied." *Houck v. Tate County*, 1999 WL 33537173, at *2 (N.D. Miss. June 16, 1999) (citing *Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 199-200, 105 S. Ct. 3108 (1985)). Plaintiff's claim for just compensation will not exist until the Mayor and Board of Alderman and the Circuit Court of Monroe County affirm the Board's decision.

Defendants further argue that Plaintiff's equal protection claim should be dismissed, as it relates to her takings claim. The court agrees that this claim flows from Plaintiff's taking claim and would not exist but for the taking. "[I]n the absence of a properly filed takings claim, the remaining claims may not be pursued." *Houck*, 1999 WL 33537173, at *2.

Defendants' subsequent grounds for dismissal will not be addressed because this court finds a lack of subject matter jurisdiction.

Defendants' motion **[7]** is **GRANTED**.

This the 29th day of March, 2011.

                                                    **/s/ MICHAEL P. MILLS**
                                                    **CHIEF JUDGE**
                                                    **UNITED STATES DISTRICT COURT**
                                                    **NORTHERN DISTRICT OF MISSISSIPPI**